**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| BILLY PASLEY and | ) |
| MYRA GREEN | )  CIVIL ACTION FILE |
| | )  NO. _____ |
| Plaintiffs, | ) |
| | ) |
| v. | )  JURY TRIAL DEMANDED |
| | ) |
| RELOGIO, LLC; RECUPERO, LLC; | ) |
| AGORA NOTUS, LLC; COMPLETE | ) |
| PROPERTIES, LLC; CC LICENSING, | ) |
| LLC; COMPLETE AVIATION, LLC; | ) |
| TROVAMI, LLC; COMPLETE | ) |
| CASH HOLDINGS, LLC; SIC | ) |
| CERTIOR TRUST; and TRACI | ) |
| ZIRKELBACH, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs Billy Pasley ("Mr. Pasley") and Myra Green ("Ms. Green")

respectfully submit the following Complaint:

## INTRODUCTION

Plaintiff Billy Pasley was sexually harassed by his supervisor, Traci

Zirkelbach, while both were employed by Defendants.   Ms. Zirkelbach

1

inappropriately touched Mr. Pasley, made repeated sexual advances toward him, and sent him unsolicited explicit photographs.  Mr. Pasley denied Ms. Zirkelbach's sexual advances and informed her that he did not want to be sexual harassed.  Mr. Pasley's employment was then terminated. After his termination, Mr. Pasley contacted Plaintiff Myra Green, a Human Resources Manager and Benefits Administrator for Complete Cash, LLC and related companies.  Mr. Pasley asked Ms. Green about his right to file an EEOC charge with regard to sexual harassment and retaliation.  Ms. Green truthfully answered Mr. Pasley's questions.  Two weeks later, the owner of Defendants, Kent Popham, accused Ms. Green of assisting Mr. Pasley with his EEOC charge and terminated Ms. Green's employment.

Mr. Pasley brings claims of sexual harassment (hostile work environment and tangible employment action) and retaliation against Defendants under Title VII.  Mr. Pasley also brings state law claims against Defendants.  Ms. Green brings a claim of retaliation against Defendants under Title VII.  Plaintiffs seek declaratory and injunctive relief, damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

1.     Plaintiffs' claims under Title VII of the Civil Rights Act, which are actionable under 42 U.S.C. § 2000(e), present federal questions over which the Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Pasley's state law claims under 28 U.S.C. § 1367.

2

2.     This Court is a proper venue for Plaintiffs' claims under 28 U.S.C. § 1391(b), because the Defendant resides in the Northern District of Georgia and because the unlawful conduct giving rise to the claims occurred in this District.

## THE PARTIES

3.     Billy Pasley is a resident of the Northern District of Georgia and is subject to this Court's jurisdiction.

4.     Myra Green is a resident of the Northern District of Georgia and is subject to this Court's jurisdiction.

5.     Defendants Relogio, LLC, Recupero, LLC, Agora Notus, LLC and Trovami, LLC, are all limited liability companies doing business in the State of Georgia and are, therefore, subject to personal jurisdiction in Georgia.  Defendants may be served with process by serving Shane Lovingood, the registered agent, at 1203 Broadrick Drive, Dalton, Georgia, 30720.

6.     Complete Cash Holdings, LLC, is a limited liability company doing business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia.  Defendant may be served with process by serving Shane Lovingood, the registered agent, at 1300 Cleo Way, Suite 300, Dalton, Georgia  30720

7.     Complete Properties, LLC, is a limited liability company doing business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia.

3

Defendant may be served with process by serving Kent W. Popham, the registered agent, at 309 West 10th Street, Rome Georgia 30165.

8.      Complete Aviation, LLC, is a limited liability company doing business in registered in the State of Delaware. Defendant may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

9.      CC Licensing, LLC, is a limited liability company doing business in registered in the State of Delaware. Defendant may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

10.      SIC Certior Trust is a trust founded in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia. Defendant may be served with process through its Trustee, Kendall Popham, 247 Bainbridge Circle 38, Dallas, Georgia 30132.

11.      Traci Zirkelbach, Defendant, is a resident of the Northern District of Georgia and therefore subject to personal jurisdiction in Georgia. Defendant may be served at 63 Linda Road, SW, Euharlee, Georgia 30120.

12.      Defendants are covered employers under Title VII.

## ADMINISTRATIVE PROCEEDINGS

13.    Plaintiff Billy Pasley filed a Charge of Discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which he complains.

14.    Plaintiff Myra Green filed a Charge of Discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she complains.

15.    Plaintiff Billy Pasley received his Notice of Right to Sue and a "For Cause" determination.

16.    Plaintiff Myra Green received her Notice of Right to Sue and a "For Cause" determination.

17.    All administrative prerequisites for filing suit on Plaintiffs' Title VII claims have been satisfied.

## FACTUAL ALLEGATIONS

18.    Plaintiff Billy Pasley began working for Defendants as an IT Technician on April 29, 2013.

19.    Plaintiff Myra Green was employed with Defendants as the Human Resources Manager and Benefit Administrator for over ten years.

20.    In October of 2017, Mr. Pasley's supervisor, Traci Zirkelbach, began sexually harassing him.

21.    Ms. Zirkelbach inappropriately touched Mr. Pasley throughout his employment.

22.    Ms. Zirkelbach made repeated sexual advances toward Mr. Pasley.

23.    For example, Ms. Zirkelbach sent Mr. Pasley unsolicited nude photographs by text message.

24.    Mr. Pasley denied Ms. Zirkelbach's sexual advances and informed her that he did not want to be sexually harassed.

25.    After complaining about being sexually harassed to Ms. Zirkelbach and refusing to comply with her sexual demands, Mr. Pasley was terminated for "poor job performance" on July 17, 2018.

26.    Mr. Pasley had never received a formal warning for his job performance prior to his termination.

27.    After his termination, Mr. Pasley contacted Ms. Green about his right to file a charge with the EEOC with regard to the sexual harassment and retaliation he suffered.

28.    Ms. Green answered Mr. Pasley's questions truthfully, confirming that he had a right to file a charge with the EEOC.

6

29.    Mr. Pasley filed a charge with the EEOC on October 18, 2018.

30.    Mr. Pasley then contacted Ms. Green again to confirm that Defendant had had been served with EEOC paperwork regarding Mr. Pasley's EEOC charge.

31.    Ms. Green confirmed that Defendant had received a letter from the EEOC about Mr. Pasley's charge but also explained that she did not have access to that letter.

32.    Two weeks later, Ms. Green was approached by the owner of Defendants, Kent Popham, who accused Ms. Green of assisting Mr. Pasley with filing an EEOC charge against Defendants.

33.    Mr. Popham then terminated Ms. Green's employment.

34.    Ms. Green was terminated for truthfully answering Mr. Pasley's questions as he attempted to report his mistreatment to the EEOC.

35.    Ms. Green filed an EEOC charge on March 14, 2019.

36.    Mr. Pasley and Ms. Green received their Right to Sue notices on March 17, 2020.

37.    As a result of Defendants' above-stated actions, Plaintiffs have been deprived of employment opportunities, income in the form of wages, prospective employment benefits, including social security, retirement, and other benefits to which they would have been entitled but for Defendants' illegal actions.

38.     Defendants' actions have also caused Plaintiffs to suffer out-of-pocket losses and mental and emotional distress for which they seek redress.

## COUNT I
### Title VII Sexual Harassment-Plaintiff Pasley

39.     Defendants' discrimination against Mr. Pasley because of his gender in the terms and conditions of employment and termination violates the statutory provisions and protections of Title VII.

40.     Ms. Zirkelbach's sexual harassment of Mr. Pasley, including inappropriate touching, sexual advances, and unsolicited explicit photographs, are sufficiently severe and pervasive as to create a hostile work environment.

41.     When Mr. Pasley rejected Ms. Zirkelbach's sexual demands, his employment was terminated.  As such, Mr. Pasley also alleges a tangible employment action claim.

42.     As a direct and proximate result of Defendants' violations of Title VII, Mr. Pasley has suffered damages, including but not limited to, lost wages, benefits of employment, emotional distress, mental anguish, humiliation, pain and suffering.

43.     Defendants' acts and conduct constitute willful and intentional discrimination.

8

44.     Defendants engaged in its discriminatory practices intentionally and/or with malice and/or with reckless indifference to Mr. Pasley's rights.

## COUNT II
### Title VII Retaliation -- Plaintiff Pasley

45.     Mr. Pasley engaged in protected activity by rejected Ms. Zirkelbach's advances and by objecting to her sexual harassment.

46.     Defendants retaliated against Mr. Pasley by terminating him for reporting sexual harassment in violation of Title VII.

47.     As a direct and proximate result of Defendants' violations of Title VII, Mr. Pasley has suffered damages, including but not limited to, lost wages, benefits of employment, emotional distress, mental anguish, humiliation, pain and suffering.

48.     Defendants engaged in retaliatory practices intentionally and/or with malice and/or with reckless indifference to Mr. Pasley's rights.

## COUNT III
### Assault -Plaintiff Pasley

49.     The actions of Ms. Zirkelbach described above constitute assault as she threatened to and did in fact make unjustified, harmful, and offensive contact with Plaintiff Pasley.

9

50.    As a direct and proximate result of the assault committed by Ms. Zirkelbach, Plaintiff Pasley suffered, and will in the future suffer from these and other damages.

51.    Ms. Zirkelbach acted with malice when she assaulted Plaintiff Pasley.

## COUNT IV
### Battery--Plaintiff Pasley

52.    The actions of Ms. Zirkelbach described above constitute battery as she made unjustified, harmful, and offensive contact with Plaintiff Pasley.  For example, Defendant rubbed her breasts on Plaintiff Pasley's arms.

53.    As a direct and proximate result of the battery committed by Ms. Zirkelbach, Plaintiff Pasley suffered, and will in the future suffer from these and other damages.

54.    Ms. Zirkelbach acted with malice when she battered Plaintiff Pasley.

## COUNT V
### Negligent and Wrongful Hiring, Retention, and Supervision—Plaintiff Pasley

55.    Defendants owed a duty of care to Mr. Pasley to exercise reasonable caution and diligence when hiring Ms. Zirkelbach so as to avoid hiring employees who could be reasonably foreseen to sexually harass employees as Ms. Zirkelbach did in this case.

56.     Defendants breached this duty of care by, *inter alia*, failing to perform reasonable pre-employment investigation and inquiry concerning Ms. Zirkelbach and by otherwise failing to exercise reasonable caution and diligence when hiring her.

57.     Defendants further breached this duty of care when it, *inter alia*, became aware that Ms. Zirkelbach was sexually harassing Mr. Pasley and took no action to review her employment or remove her from employment.

58.     After hiring Ms. Zirkelbach, Defendants owed a continuing duty of care to Mr. Pasley to exercise reasonable caution and diligence in retaining, supervising, and training Ms. Zirkelbach to avoid reasonably foreseeable conduct amounting to sexual harassment as Ms. Zirkelbach did in this case.

59.     Defendants breached this duty of care by, *inter alia*, failing to intercede despite actual and/or constructive knowledge making it reasonably foreseeable that Ms. Zirkelbach would sexually harass employees like Mr. Pasley as happened in this case.

60.     As a direct and proximate result of Defendants' breach of the duty of care, Mr. Pasley has suffered damages, including emotional damages and loss of employment and compensation.

## COUNT VI
### Ratification

61.    Defendants acted to ratify Ms. Zirkelbach's sexual harassment and intentional infliction of emotion distress of Mr. Pasley by, *inter alia*, retaining Ms. Zirkelbach after having actual or constructive knowledge of her unlawful behavior and/or by retaliation against Mr. Pasley after he complained of Ms. Zirkelbach's misconduct.

62.    Defendants are thus liable for all damages which the jury may determine appropriate to compensate Mr. Pasley for the harm done.

## COUNT VII
### Punitive Damages O.C.G.A. § 51-12-5.1—Plaintiff Pasley

63.    Defendants' above-pled actions were willful, malicious, wanton and/or oppressive within the meaning of O.C.G.A. § 51-12-5.1(b).  Additionally, and in the alternative, Defendants' actions display within the meaning of that statute, an entire want of care indicative of a conscious indifference to their actions' consequences.

## COUNT VIII
### Title VII Retaliation -- Plaintiff Green

64.    Ms. Green engaged in protected activity under Title VII by truthfully answering Mr. Pasley's questions about filing a charge with the EEOC.

12

65.     Defendants retaliated against Ms. Green for engaging in protected activity under Title VII by terminating her employment.

66.     Defendants' retaliatory termination of Ms. Green was in violation of Title VII.

67.     Defendants willfully and wantonly disregarded Ms. Green's rights.

68.     Defendants' retaliatory actions against Ms. Green were taken in bad faith.

69.     As a result of Defendants' retaliatory termination of Ms. Green, she has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation and other indignities.

70.     Pursuant to Title VII, Ms. Green is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief recoverable under Title VII.

## **PRAYER FOR RELIEF**

Plaintiffs respectfully request the following relief:

a.     declaratory judgment that Defendants violated Plaintiffs' rights under Title VII;

b.     an injunction prohibiting the Defendants from engaging in such unlawful conduct in the future;

13

c.  full back pay from the date of Plaintiffs' terminations, taking into account all raises to which Plaintiffs would have been entitled but for their terminations, and all fringe and pension benefits of employment, with prejudgment interest thereon;

d.  reinstatement of Plaintiffs to their former positions or in the alternative, front pay to compensate Plaintiffs for their lost future wages, benefits, and pension;

e.  compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiffs' emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

f.  punitive damages, against Defendants in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish Defendants for its conduct toward Plaintiffs and deter them from similar conduct in the future;

g.  reasonable attorneys' fees and costs; and

h.  other and further relief as the Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted, this 28th of May, 2020.

LEGARE, ATTWOOD & WOLFE, LLC

*s/Eleanor Mixon Attwood*
Eleanor Mixon Attwood
Georgia Bar No. 514014
emattwood@law-llc.com

125 Clairemont Ave.
Suite 380
Decatur, Georgia 30030
Telephone: 470.823.4000

Facsimile: 470.201.1212

Counsel for Plaintiffs

15