FILED IN CHAMBERS
U.S.D.C. ROME
Date: Dec 04 2020
JAMES N. HATTEN, Clerk
By: s/Kari Butler
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

BILLY PASLEY and MYRA GREEN,

    Plaintiffs,

v.

RELOGIO, LLC, et al.,

    Defendants.

CIVIL ACTION FILE

NO. 4:20-CV-124-HLM-WEJ

# **ORDER**

This matter is before the Court on Defendants' Joint Motion to Strike [50] filed by Relogio, LLC, Recupero, LLC, Agora Notus, LLC, Complete Properties, LLC, CC Licensing, LLC, Complete Aviation, LLC, Trovami, LLC, Complete Cash Holdings, LLC, and SIC Certior Trust (the "Corporate Defendants").[1]

The Corporate Defendants ask the Court to strike the Introduction of the Amended Complaint [46] pursuant to Federal Rule of Civil Procedure 12(f) "because it is legally insufficient, immaterial, redundant[,] scandalous, and the interests of justice so require." (Defs.' Br. [50-1] 1-2.) The Corporate Defendants

---

[1] The sole individual defendant, Traci Zirkelbach, did not join the Motion.

also argue that the introductory paragraph violates Rule 8 (requiring that allegations be simple, concise, and direct) and Rule 10 (requiring claims be stated in numbered paragraphs and, where practicable, limited to a single set of circumstances). (Id. at 2-3 (citing Fed. R. Civ. P. 8(d)(1), 10(b)).) In response, plaintiffs contend that the instant Motion is frivolous but admit that a strained interpretation of the Introduction would leave the impression that defendant Zirkelbach is owned by the Corporate Defendants and that Complete Cash, LLC is a defendant. (Pls.' Resp. [97] 4.)

The Corporate Defendants' latter argument, albeit less dramatic, is more persuasive. However, several of the cases cited by the Corporate Defendants in support of their request to strike the offending paragraph involve an improper shotgun pleading or explain that a court can avoid striking a poorly drafted pleading by directing the plaintiff to amend the complaint. See Byrne v. Nezhat, 261 F.3d 1075, 1129-33 (11th Cir. 2001); Fikes v. City of Daphne, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996); Coyne v. Lucky M.K., Inc., 205CV25FTM29SPC, 2005 WL 1309267, at *2 (M.D. Fla. May 31, 2005).

Accordingly, while the Amended Complaint cannot be characterized as a shotgun pleading, given plaintiffs' admission that it could be more carefully worded, the Court **GRANTS IN PART** the instant Motion [50] and **DIRECTS**

2

plaintiffs to amend their operative pleading to comply with Federal Rules of Civil Procedure 8 and 10 no later than **December 18, 2020**.

**SO ORDERED**, this 4th day of December, 2020.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE