FILED IN CHAMBERS
U.S.D.C. ROME
Date: Dec 14 2020
JAMES N. HATTEN, Clerk
By: s/Kari Butler
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

BILLY PASLEY and MYRA GREEN,

    Plaintiffs,

v.

RELOGIO, LLC, et al.,

    Defendants.

CIVIL ACTION FILE

NO. 4:20-CV-124-HLM-WEJ

## NON-FINAL REPORT AND RECOMMENDATION

In their Amended Complaint [46], plaintiffs Billy Pasley and Myra Green claim that their alleged employers, defendants Relogio, LLC; Recupero, LLC; Agora Notus, LLC; Complete Properties, LLC; CC Licensing, LLC; Complete Aviation, LLC; Trovami, LLC; Complete Cash Holdings, LLC; and SIC Certior Trust (hereinafter the "Corporate Defendants") discriminated and retaliated against them in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. (Am. Compl., Counts I-II, VIII.) Plaintiff Pasley further

alleges state law tort claims against the Corporate Defendants.[1] (Id. Counts V (negligent hiring, retention and supervision of co-defendant Zirkelbach) and VI (ratification of co-defendant Zirkelbach's acts).)

This matter is before the Court on SIC Certior Trust ("SIC") and Complete Cash Holdings, LLC's ("CCH") Motion to Dismiss Plaintiffs' Amended Complaint [58]. For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **DENIED**.

I. **THE AMENDED COMPLAINT**

The Amended Complaint alleges, in relevant part, that the Corporate Defendants are covered employers under Title VII, that they employed plaintiffs, and that "[t]heir operations are interrelated and the ownership and control are shared by one common owner." (Am. Compl. [46] ¶¶ 12, 18-19.) The Amended Complaint also alleges that Kent Popham owns the Corporate Defendants (id. ¶ 32) and that CCH uses the same registered agent as four of the other Corporate Defendants (compare id. ¶ 6, with id. ¶ 5).

---

[1] Mr. Pasley also alleges state law tort claims against the individual defendant, Tracy Zirkelbach. (See Am. Compl., Counts III (assault) & IV (battery).)

2

After complaining about being sexually harassed to Ms. Zirkelbach (the alleged harasser) and refusing to comply with her demands, "Mr. Pasley was terminated for 'poor job performance' on July 17, 2018." (Am. Compl. ¶ 25.) Afterwards, Mr. Pasley contacted Ms. Green about his right to file a charge with the Equal Employment Opportunity Commission ("EEOC") regarding the alleged sexual harassment and retaliation. (Id. ¶ 27.) Ms. Green answered Mr. Pasley's questions and confirmed that he had a right to file an EEOC charge. (Id. ¶ 28.)

Mr. Pasley filed a Charge of Discrimination with the EEOC on October 18, 2018. (Am. Compl. ¶ 29.) In his charge, Mr. Pasley names "Complete Cash LLC" as his employer and states that he was hired on April 29, 2013 as an IT Technician "by the above-named employer." (Defs. Reply Ex. B [99-2] (Pasley Charge).)[2] He then states that, beginning around October 2017, he was sexually harassed by his supervisor and was fired after he denied her advances. (Id.)

Mr. Pasley contacted Ms. Green to confirm that the Corporate Defendants had been served with the EEOC paperwork regarding his charge. (Am. Compl. ¶

---

[2] See Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam) (explaining that, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal").

3

30.) Ms. Green confirmed as much and two weeks later Mr. Popham accused her of assisting Mr. Pasley with filing his charge and terminated her employment. (Id. ¶¶ 31-33.)

Ms. Green filed an EEOC charge on March 14, 2019. (Am. Compl. ¶ 35; Defs. Reply Ex. E [99-5] (Green Charge).) In her charge, Ms. Green names "Relogio, SIC Certior Trust, and all related entities" as her employers and states that she "was employed with Relogio, LLC as the Human Resource Manager and Benefits Administrator for the company for over ten years." (Id.) Ms. Green states that she was terminated by "the owner, Kent Popham," who attempted to force her to quit her position, accused her of assisting Mr. Pasley with filing an EEOC charge against Relogio, LLC, and then terminated her employment. (Id.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint, or portions thereof, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, the Court must take the allegations of the complaint as true and must construe those allegations in the light most favorable to the plaintiff. Rivell v. Private Health Care Sys., Inc., 520 F.3d 1308, 1309 (11th Cir. 2008) (per curiam). Although a court is required to accept well-pleaded facts as true and make reasonable inferences in

favor of the plaintiff, it is not required to accept the plaintiff's legal conclusions or unwarranted deductions of fact. Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1199 (11th Cir. 2012) (per curiam) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006); Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005) (per curiam).

A court may dismiss a complaint if it does not plead "enough facts to state a claim to relief that is plausible on its face." Chandler, 695 F.3d at 1199 (internal quotation marks and citation omitted). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), the Supreme Court stated that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Although factual allegations in a complaint need not be detailed, those allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citations and footnote omitted).

Moreover, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The mere possibility that the defendant might have acted unlawfully is insufficient to allow a claim to

survive a motion to dismiss.  Id.  Instead, the well-pleaded allegations of the complaint must move the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.  However, the factual allegations in a complaint can be sufficient to survive a motion to dismiss even though recovery may be remote or unlikely.  Id. at 555-56.  As long as the facts alleged create a reasonable expectation that discovery will reveal evidence of the necessary elements, the plaintiff's suit should continue.  Id. at 556.

### III. DISCUSSION

SIC and CCH argue that plaintiffs' Title VII claims should be dismissed for failure to exhaust their administrative remedies and contend that plaintiffs failed to establish that SIC and CCH were their employers.  (Defs. Br. [58-1] 4-15.)  SIC and CCH also contend that Mr. Pasley's state law claims must fail because those claims are premised on the faulty assertion that they employed him.  (Defs. Br. 15-16; Defs. Reply [99] 3-5.)  Alternatively, SIC and CCH ask the Court to decline to exercise supplemental jurisdiction over his state law claims.  (Defs. Br. 16-18.)

#### A. Title VII's Administrative Exhaustion Requirement

Generally, a party may not be sued under Title VII if it was not named in the underlying EEOC charge.  See Virgo v. Riviera Beach Assocs., 30 F.3d 1350, 1358 (11th Cir. 1994).  This requirement allows the charged party to be notified of the

6

allegations against it and have the opportunity to participate in the EEOC conciliation process. Id.

The Eleventh Circuit has held, however, that this requirement should be liberally construed and that an unnamed party may be sued if the purposes of Title VII's conciliation process are nevertheless fulfilled. See Virgo, 30 F.3d at 1358-59; see also 29 C.F.R. §§ 1601.34, 1626.22(a). Thus, "failure to file EEOC charges against one party defendant may be excused where notice to another related party has essentially provided notice of the pendency of charges to the first party and where the two parties are substantially identified." Bruce v. S&H Riggers & Erectors, Inc., 732 F. Supp. 1172, 1176-77 (N.D. Ga. 1990).

In determining whether the purposes of the Title VII conciliation process have been met despite the omission of a party from the charge, the Court considers the following non-exclusive factors: (1) the similarity of interest between the named party and unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party when the charge was filed; (3) whether the unnamed parties received adequate notice of the charge; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by exclusion from the EEOC proceedings. See Virgo, 30 F.3d at 1359.

The Court may also consider the scope of the investigation that would reasonably grow out of the EEOC charge as written and whether the investigation would naturally encompass the unnamed party. Hamm v. Members of the Bd. of Regents of Fla., 708 F.2d 647, 650 (11th Cir. 1983). This "factor weighs in favor of inclusion of an unnamed party if the party's identity or participation in the alleged discrimination is or is likely to be uncovered during the EEOC's reasonable investigation growing out of the charge." Lewis v. Asplundh Tree Expert Co., 402 F. App'x 454, 457 (11th Cir. 2010) (per curiam).

Where a defendant has specifically and with particularity raised the exhaustion issue in a motion to dismiss, the plaintiff bears the burden of proving that the conditions precedent to suit have been satisfied. See Bloodworth v. Colvin, 17 F. Supp. 3d 1245, 1253 (N.D. Ga. 2014); see also McKinney v. Yoh Servs. LLC, No. 1:14-CV-02605-AT-JCF, 2015 WL 13777915, at *3 (N.D. Ga. May 15, 2015) ("The burden is on the plaintiff to explain why the [party] was not named and to demonstrate that the purposes of Title VII have been satisfied regardless of the omission.") (internal quotation marks and citation omitted), adopted 2015 WL 13778324 (N.D. Ga. June 16, 2015).

### B. <u>Virgo</u> Factors Weigh in Favor of Plaintiffs

In support of their assertion that plaintiffs' Title VII claims against them must be dismissed for failure to exhaust their administrative remedies, SIC and CCH cite Mr. Pasley's mistake of naming "Complete Cash LLC" as his employer in the charge, contend that he could have ascertained their identity before filing the charge if they had employed him, and assert that no reasonable person would believe that Mr. Pasley could not identify his employer. (Defs. Br. 4-10.) SIC and CCH also cite Mr. Pasley's separation notice, which lists Relogio, LLC as his employer. (<u>Id.</u>; Defs. Reply Ex. A [99-1].) Likewise, with regard to Ms. Green, SIC and CCH complain that she failed to name CCH in her charge and that the charge's statement of facts only mentions Relogio, LLC. (Defs. Br. 8; Defs. Reply Ex. E [99-5].) They also cite Ms. Green's separation notice, which lists Relogio, LLC as her employer, and argue that she should have been able to list all of her employers given her alleged decade-long work history. (Defs. Br. 7-8, 12; Defs. Reply Ex. D [99-4].) Finally, SIC and CCH contend that they were prejudiced by exclusion from the EEOC proceedings and conciliation process and assert that the Amended Complaint fails to allege sufficient facts to establish that they employed

plaintiffs, or can even be covered employers under Title VII. (Defs. Br. 9-15; Defs. Reply 3-9.)[3]

In response, plaintiffs argue that the Amended Complaint alleges sufficient facts to plausibly state Title VII and state law claims against the Corporate Defendants as single or joint employers. (Pls. Resp. [96] 5.) Plaintiffs contend that the question of what entity or entities employed them is complicated by the web of interrelated companies owned by Mr. Popham and that Title VII's definition of the employer/employee relationship is construed liberally in such circumstances. (Id. at 6-12.) In a declaration attached to plaintiffs' response, Mr. Pasley states that, while employed by Mr. Popham, his primary base of operation was the storefront "Complete Cash" in Rome and that "he performed IT duties for Mr. Popham personally, for the golf courses, and on the car lots." (Pasley Decl. [96-3] ¶ 3.) Mr. Pasley also states that he "was never sure which of the companies owned which of the properties or business" and "worked at nearly every location owned by Mr.

---

[3] In support of their Motion, SIC and CCH cite plaintiffs' separation notices, which list Relogio, LLC as their employer. (Defs. Br. 6-8, 12, 16; Defs. Reply 2 n.2, 5, 7 Exs. A & D [99-1, 99-4].) The Court will address SIC and CCH's arguments but declines to convert the instant Motion into one for summary judgment. Regardless, even accepting those documents, for the reasons stated infra, they are not dispositive of the employee/employer issue.

Popham, regardless of the business type or name." (Id.) According to Mr. Pasley, when he filed his charge, he used what he thought was the name of the company tied to the location where his office was housed and "knew Mr. Popham owned several related businesses" but "did not know all of the proper names." (Id. ¶ 4.)

Likewise, in her declaration, Ms. Green states that all of the entities named in the Amended Complaint were managed from the same address in Rome and that Mr. Popham worked out of that office almost every day. (Green Decl. [96-2] ¶ 3.) Ms. Green also states that she "assisted Mr. Popham with forming several limited liability companies and the trust that were named in the lawsuit," and that "[t]he creation of many of these companies was supposed to insulate Mr. Popham from liability when sued by customers or employees." (Id. ¶ 4.) Ms. Green declares that she "performed services for or on behalf of every entity named in the [Amended] Complaint as a defendant" and "[n]early every instruction I received, no matter the entity, I received from Kent Popham." (Id. ¶ 8.) According to Ms. Green, Mr. Popham created Relogio, LLC to serve as the payroll provider for his businesses and it did not provide any goods or services. (Id. ¶ 5.) Ms. Green states that revenues generated by Mr. Popham's pawn stores, golf course, car lots, rental property, and through licensing fees were moved to Relogio, LLC's account to make sure employees were paid and that SIC was created to protect Mr. Popham's

11

personal assets and assets owned by the Corporate Defendants.  (Id. ¶¶ 5-7.)  Plaintiffs argue that, given the above circumstances, they exhausted their administrative remedies and their Title VII claims may proceed against SIC and CCH.  (Pls. Resp. 6-12.)  Additionally, plaintiffs urge the Court to exercise supplemental jurisdiction over Mr. Pasley's state law claims because they involve the same set of facts and evidence.  (Id. at 12-14.)

Here, the Amended Complaint alleges that the Corporate Defendants' "operations are interrelated and the ownership and control are shared by one common owner." (Am. Compl. [46] ¶ 12.)  Plaintiffs also allege that several of the Corporate Defendants share an address, that Mr. Popham is the businesses' sole owner and works from that common location, and that several of the Corporate Defendants share the same registered agent.  (Id. ¶¶ 5-10, 12, 32.)  Indeed, according to Ms. Green, the Corporate Defendants' finances are interrelated and they are structed to protect and conserve Mr. Popham's assets.  Thus, the first Virgo factor weighs in plaintiffs' favor because there appears to be a strong similarity of interest between the defendants named in charges filed by Mr. Pasley and Ms. Green and the other Corporate Defendants.

With regard to the second Virgo factor, plaintiffs have born their burden to show why they did not name all of the Corporate Defendants in their charges.

12

According to Mr. Pasley, he worked from a location bearing the name "Complete Cash" but performed work for Mr. Popham personally and for his other businesses. (Pasley Decl. ¶ 3.) As a result, Mr. Pasley states that he "was never sure which of the companies owned which of the properties or businesses" and "did not know all of the proper names." (Id. ¶ 3-4.) Notably, if Ms. Green's assertions are accepted, then the Corporate Defendants were purposely structured to insulate Mr. Popham and his businesses from this type of lawsuit. (Green Decl. ¶¶ 4-7.) Thus, plaintiffs have sufficiently explained why they could not have ascertained the identity of all the Corporate Defendants not named in their charges, including SIC and CCH, and the second Virgo factor weighs in plaintiffs' favor.

Accepting the allegations set forth in the Amended Complaint as true, Mr. Popham is intimately involved with the Corporate Defendants and, after learning of Mr. Pasley's EEOC charge, terminated Ms. Green in retaliation for answering Mr. Pasley's questions regarding the EEOC process. Thus, it appears highly likely that Mr. Popham's knowledge of the charges served to provide actual notice to all of the Corporate Defendants. The association between the Corporate Defendants via their alleged control by Mr. Popham and their alleged sharing of employees creates a unique situation where one entity's participation in the Title VII conciliation process (thereby including Mr. Popham) would represent the interests

13

of the other Corporate Defendants. Indeed, it is not lost on the Court that the Corporate Defendants are represented by the same counsel in this case and, therefore, must not have divergent or conflicting interests. Accordingly, the third and fourth Virgo factors weigh in plaintiffs' favor. Given the above analysis, SIC and CCH likely were not prejudiced by exclusion from conciliation process and the fifth Virgo factor also favors allowing plaintiffs' Title VII claims to proceed.

Finally, given Ms. Green's listing of "Relogio, SIC Certior Trust, and all related entities" as her employers on her charge, the scope of the EEOC's investigation into Mr. Pasley's allegations of sexual harassment and Ms. Green's alleged termination in retaliation for answering his questions regarding the EEOC process reasonably would have grown to encompass the Corporate Defendants. SIC and CCH cite no authority dictating that the entity listed on a separation notice is, as a matter of law, the sole employer for Title VII purposes or would foreclose the EEOC from including them in any investigation. At this stage of the litigation, plaintiffs have alleged sufficient facts to plausibly establish that the Corporate Defendants are a single or joint employer under Title VII and the Court cannot consider SIC and CCH's additional evidence regarding CCH's dissolution before plaintiffs' termination or SIC's representation that, as a beneficiary, Mr. Popham does not control it.

For the reasons set forth above, plaintiffs have met their burden to establish that their EEOC charges served the purposes of Title VII's conciliation process and it would not be in the interest of justice to dismiss their claims for want of exhaustion. Likewise, the Amended Complaint alleges sufficient facts to plausibly state Title VII claims against the Corporate Defendants under a single or joint employer theory. Accordingly, the undersigned **RECOMMENDS** that the Motion to Dismiss be **DENIED** as to plaintiffs' Title VII claims.[4]

### C. State Law Claims

In his state law claims, Mr. Pasley alleges that the Corporate Defendants negligently and wrongfully hired, retained, and supervised Ms. Zirkelbach (his alleged harasser) and ratified her conduct. (Am. Compl. ¶¶ 55-62.) He also seeks punitive damages under O.C.G.A. § 51-12-5.1 (Id. ¶ 63.)

SIC and CCH argue that Mr. Pasley's state law claims must fail because they are premised on the assertion that SIC and CCH employed him and/or Ms. Zirkelbach. (Defs. Br. 15-16.) SIC and CCH argue that the EEOC documents and

---

[4] The Court could revisit some of these conclusions at summary judgment after a complete record has been assembled. Indeed, should discovery show that one or more of the Corporate Defendants could have no responsibility in this matter, then the Court would expect plaintiffs' counsel, as an officer of the Court, to dismiss those defendants voluntarily.

Mr. Pasley's separation notice establish that he was only employed by Relogio, LLC. (Id.) Likewise, SIC and CCH argue that the Amended Complaint only alleges that Ms. Zirkelbach supervised Mr. Pasley and, therefore, does not allege that she was employed by SIC and CCH. (Id.) Finally, SIC and CCH ask the Court to decline to exercise supplemental jurisdiction over Mr. Pasley's state law claims. (Id. at 16-18.)

For the reasons set forth supra Part III.B, at this stage of the litigation, Mr. Pasley has plausibly stated that the Corporate Defendants employed him either as a single or joint employer and there is no authority dictating that the entity listed on a separation notice is the sole employer as a matter of law. Moreover, while the Amended Complaint could have been more carefully worded, Mr. Pasley's allegation that Ms. Zirkelbach was his supervisor is sufficient for the Court to make a reasonable inference that the Corporate Defendants also employed her. See Iqbal, 556 U.S. at 678 (claim is plausible when factual content allows court to draw reasonable inference that defendant is liable for alleged misconduct).

Finally, because the factual allegations upon which Mr. Pasley's Title VII claims are premised also support his state law claims, the Court currently is inclined to exercise supplemental jurisdiction over those claims and the associated claim for punitive damages. Accordingly, the undersigned **RECOMMENDS** that SIC and

CCH's Motion to Dismiss be **DENIED** as to Mr. Pasley's state law claims and claim for punitive damages.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants SIC Certior Trust and Complete Cash Holdings, LLC's Motion to Dismiss Plaintiffs' Amended Complaint [58] be **DENIED**.

**SO RECOMMENDS**, this 14th day of December, 2020.

_/s/ Walter E. Johnson_
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE